IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Richard Legette, | ) | Case No.: 2:20-cv-02092-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| South Carolina Department of Corrections; | ) | |
| Warden Aaron Joyner, *individually and in* | ) | |
| *his capacity as warden of Lee Correctional* | ) | |
| *Institution;* Associate Warden Rudy | ) | |
| Trisdale, *individually and in his capacity as* | ) | |
| *associate warden at Lee Correctional* | ) | |
| *Institution;* Associate Warden Sharpe, | ) | |
| *individually and in his/her capacity as* | ) | |
| *associate warden at Lee Correctional* | ) | |
| *Institution* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States

Magistrate Mary Gordon Baker ("Report") (DE 42), made in accordance with 28 U.S.C. §

636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Richard Legette

("Legette" or "Plaintiff") filed this lawsuit against South Carolina Department of Corrections

("SCDC"), Warden Aaron Joyner, Associate Warden Rudy Trisdale, and Associate Warden

Sharpe (collectively "Defendants").[2]  Plaintiff seeks damages based on alleged civil rights

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]    Plaintiff filed his complaint on March 27, 2020, in the Lee County Court of Common Pleas, raising State and Federal claims against the named Defendants.  (DE 1-1.)  The case was removed to federal court on June 3, 2020.  (DE 1.)

violations and seeks temporary and permanent injunctive relief pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). (DE 1-1.) On December 29, 2021, Defendants filed a Motion for Summary Judgment contending Plaintiff did not exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and contending Plaintiff's claim fails on six other substantive grounds.[3] (DE 34.) On February 2, 2022, Plaintiff filed his response in opposition to summary judgment (DE 37), and on February 24, 2022, Defendants filed a reply thereto (DE 40).

On March 16, 2022, the magistrate judge issued the Report (DE 42), recommending that Defendant's Motion for Summary Judgment be granted because Plaintiff failed to exhaust administrative remedies and recommending Plaintiff's state law claims be remanded to State Court. (DE 42, pp. 1-2.) For the reasons stated below, the Court adopts the Report, grants Defendant's Motion for Summary Judgment due to Plaintiff's failure to exhaust administrative remedies, and remands Plaintiff's state law claims to the Lee County Court of Common Pleas.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

This civil action arises from an alleged attack on the Plaintiff by other armed inmates at Lee Correctional Institution ("Lee") on March 29, 2018. (DE 1-1, p. 6.) After the attack, Plaintiff was transferred to Tuomey Hospital and subsequently returned to Lee where Plaintiff was placed

---

[3]    Specifically, Defendants argue (1) Defendants cannot be held liable under U.S.C. § 1983 as there are no acts alleged against them which would establish liability, (2) Plaintiff failed to show a violation of the Eighth Amendment, (3) Defendants are immune from suit pursuant to the Eleventh amendment of the United States Constitution, (4) Defendants are entitled to qualified immunity, (5) Plaintiff failed to offer any evidence of gross negligence on the part of Defendant SCDC's employees, and (6) Plaintiff has failed to establish any of the elements necessary for injunctive relief.

in lock-up for approximately 45 days.  (Id. at ¶¶ 32-33.)  According to Plaintiff, police services never met with him or interviewed him after the attack despite Plaintiff's requests to speak with them.  (Id. at ¶ 35.)  Plaintiff also alleges that he was denied access to Request to Staff ("RTSM") forms for several days and that he eventually made his own forms and filed several other grievances but received no response to the forms or grievances he filed.  (Id. at ¶¶ 36-37.)

Defendants, in support of their arguments that Plaintiff failed to exhaust his administrative remedies in compliance with the PLRA, submitted, *inter alia*, a Step 1 grievance signed and dated by Plaintiff on May 14, 2018, and received on May 15, 2018 (DE 34-3), and RTSM forms submitted by Plaintiff while he was in lock up after the March 28, 2018, incident dated April 10, 13 and 16, 2018, and May 1 and 6, 2018.  (DE 34-7.)  Plaintiff, in support of his argument that the administrative remedies were unavailable to him, submitted, *inter alia,* an affidavit which he claims indicates he attempted to properly document and report the incident in a timely manner (DE 37, pp. 9-10) and an affidavit claiming that officers never gave him access to the appropriate mailbox to file grievances (DE 37-2, p. 2).  Based on the evidence presented, the magistrate judge found:

> [E]ven when construed in the light most favorable to Plaintiff, the evidence indicates Plaintiff was able to file RTSMs and a grievance while in lock-up.  Thus, Plaintiff cannot create a genuine dispute of material fact that the Step 1 grievance was untimely filed because the administrative process was unavailable to him while he was in lock-up.

(DE 42, p. 16.)  The Report, therefore, recommended the Defendant's Motion for Summary Judgment be granted and the Plaintiff's state law claims be remanded to State Court.

## II.    DISCUSSION

Plaintiff filed Objections to the Report on March 30, 2022.  (DE 52.)  To be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections

constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985); See also United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. See 28 U.S.C.A. § 636(b)(1). Plaintiff makes two specific objections that the Court now addresses de novo.

### A. Objection 1

Plaintiff contends he ". . . has sufficiently established evidence that, at the least, creates a genuine issue of material fact as to whether or not the administrative remedies provided by SCDC were available to him." (DE 52.) The Court disagrees. When a matter involves allegations of criminal activity like the Plaintiff's case, the SCDC grievance procedure requires the inmate file a Step 1 grievance within five working days of the alleged incident. (DE 42, pp 7-8.) Here, it is undisputed that Plaintiff did not file his Step 1 grievance until forty-six (46) days after the incident that occurred on March 29, 2018, which does not comport with SCDC grievance procedures. (DE 34-3, DE 42, p. 15.) However, this fact alone is not dispositive of the exhaustion of administrative remedies question. Rather, if the administrative remedies are deemed unavailable to Plaintiff, his failure to exhaust does not preclude his claim. See Ross v. Blake, 578 U.S. 632, 642 (2016) ("An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."). The Supreme Court has only identified three scenarios where an administrative process is considered "unavailable": (1) the administrative process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative process is so opaque that no ordinary prisoner can discern or navigate through the process; and (3) the

"administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." Id. at 643-44.

Plaintiff's material fact dispute objection is premised on his RTSM dated May 1, 2018, addressed to Ms. Muldrow, a mental health counselor, which he indicates that he "attempted to properly document the incident but SCDC obstructed his ability to do so." (DE 34-7, DE 44, p. 6.) He further states "[t]his is my third request to be seen by you. I know other staff are tampering with my mail, so its not surprise. I have been trying to reach you since 3/29/18, the day I was assaulted." (Id.) Plaintiff offers this evidence to support his claim that a genuine issue of material facts exists as to whether the mandatory administrative remedies were available to him. However, this evidence (disputed or not) only illustrates Plaintiff's repeated attempts to access mental health treatment services since the incident, not whether any of the exceptions identified in Ross, which would make the administrative process unavailable, would apply here.[4] See Ross at 643-44.

Plaintiff further points to evidence from his own affidavit that he "did not have access to the paper Requests to Staff or Grievance forms, so [he] made [his] own." (DE 44, p. 6.) Plaintiff claims this illustrates that "while Plaintiff continued to properly abide by the grievance process, he was unable to as he was denied access to the appropriate forms." (Id.) However, where "an inmate in fact is able to participate in a grievance process, notwithstanding alleged obstacles, then that process remains 'available' for purposes of the PLRA." Moss v. Harwood, 19 F.4th 614, 622-21 (4th Cir. 2020) (granting summary judgment based on non-exhaustion of administrative remedies when Plaintiff-Inmate submitted multiple grievances while in lockdown but failed to

---

[4]    Although Plaintiff attempts to corroborate his statement in the RTSM with his own affidavit that claims the "Lt. Commander purposefully made Plaintiff's time in RHU difficult due to animosity born from Plaintiff's prior report of misconduct" (DE 44, p. 6), Plaintiff equally fails to present any evidence as to how the Lt. Commander thwarted Plaintiff from taking advantage of the Step 1 grievance process through machination, misrepresentation or intimidation.

5

raise the claim he wished to litigate and eventually did file the proper grievance form albeit untimely).  Accordingly, Plaintiff cannot establish a genuine issue of material fact regarding the availability of administrative remedies by claiming he was denied access to the appropriate forms because he filed multiple RTSMs and eventually a Step 1 grievance while in lock-up.

Finally, Plaintiff presents evidence in his affidavit stating "[b]ecause I was in lock-up, I was required to hand off my Requests to Staff to an officer to be placed in the appropriate mailbox. It is my understanding that officers were supposed to bring a grievance box to us in lock-up so that we can confidentially file grievances, however, no box was ever brought to me."  (DE 37-2, p. 2.) Plaintiff claims this and the denial of appropriate forms amounts to "administrative thwarting" as described in Ross.  However, in the next line of Plaintiff's affidavit, he states "[because no box was ever brought to me, I had to resort to handing my grievances to an officer."  (DE 37-2, p.2.) The Plaintiff submitted this late Step 1 grievance form dated May 14, 2018, and the grievance was marked received May 15, 2018.  (DE 34-3.)  Therefore, the failure of officers to bring a grievance box did not thwart the Plaintiff from taking advantage of the grievance process because only one day passed between Legette handing the grievance to an officer and the receipt of the grievance by administrators.  Accordingly, the failure of the officers to bring Plaintiff the grievance box does not create a genuine issue of material fact as to whether the administrative remedies were available to the Plaintiff.  This Court, therefore, overrules Plaintiff's objection.

## B.  Objection 2

Plaintiff's second objection to the Report claims "granting Defendants' Motion for Summary Judgement as to Plaintiff's federal claims on the ground of exhaustion would be inconsistent with prior rulings."  (DE 44, p. 7.)  Plaintiff only cites to Battle et al. v. SCDC et al, 2:18-cv-00719, a single, non-binding, District Court order with distinguishable facts from the

current case.  (DE 44, pp. 8.)  In <u>Battle</u>, although plaintiffs had filed grievances in the past, the magistrate judge found the administrative remedy procedure was not available to them because plaintiffs adequately showed the "fear of retaliation was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance." (<u>Battle</u>, 2:18-cv-00719, DE 81, p. 6.)  The District Court in <u>Battle</u> found issues of fact remained as to whether plaintiffs exhausted their administrative remedies and declined to "adopt the parts of the Report that deem exhaustion to be satisfied or unavailable." (<u>Id.</u> at 10.)  Here, first, adopting the Report and granting Defendant's Motion for Summary Judgment would not be inconsistent with *binding* case law.  Second, unlike the plaintiffs in <u>Battle</u>, Plaintiff has not produced evidence sufficient to create a material fact dispute as to whether the administrative remedy was available; thus, adopting the Report would not be inconsistent with the non-binding ruling in <u>Battle</u>.  Therefore, this Court overrules Plaintiff's objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 34) is granted and Plaintiff's state law claims are remanded to the Lee County Court of Common Pleas.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
June 6, 2022

7

8

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.